STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. CV-11-417
                                                  NM- CUM- 8/27 2012
JEANNINE OREN,

        Plaintiff

        v.                                        DECISION AND ORDER

TOWN OF CASCO, et al.,

        Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office
AUG 27 2012
RECEIVED

        In her complaint filed based on sections 409, 410, and 452 of Maine's Freedom of

Access Act, the plaintiff seeks the Town of Casco's auditor's worksheets.  1 M.R.S. §§

409(1), 410, 452.

Findings

        On April 14, 2011, the plaintiff requested a copy of the Town of Casco's auditor's

worksheets for FY 2010 and 2009.  (Jt. Ex. 5.)  On April 15, 2011, the Town responded

that the "Town does not possess any documentation that addresses this request."  (Id.)

On April 16, the plaintiff requested clarification of the Town's response.  (Id.)  On the

same day, the Town responded, "The Town does not have and has not had the

information requested."  (Id.)

        On April 20, 2011, at a Finance Committee meeting, the plaintiff requested the

auditor's worksheets.  David Morton, the Town of Casco Town Manager, stated that the

Town did not have the worksheets but that they existed and were obtainable.  Mr.

Morton stated that he did not know whether the Town owned the worksheets because

the Town pays the auditor for the finished product and not for the worksheets.  He

stated further that if the plaintiff had not filed a Freedom of Information Act request, he

would have called the auditor, requested the worksheets, and provided them to the

plaintiff.[1] He stated finally that he would do his best to obtain the worksheets. (Pl.'s Ex. 1D.)

On September 2, 2011, the plaintiff again requested to review the Town's auditor's worksheets for fiscal year 2009 and 2010. (Jt. Ex. 4.) On September 6, 2011, the Town acknowledged the request. (Id.) At a Selectboard meeting on September 6, 2011, the Selectboard voted unanimously not to try to obtain the auditor's worksheets, which the Town did not have. (Pl.'s Ex. 2C., p. 5.) On September 12, 2011, the Town replied to the plaintiff, "The Town does not have in its possession the documents requested." (Id.)

The Town's audit for FY 2009 and FY 2010 was performed by Purdy Powers & Company. The audit is conducted to determine whether the Town's representations regarding its finances are correct. The Town is not informed of the procedure and analysis used by Purdy Powers. The product of the audit is the financial statement, which outlines the auditor's opinion. The financial statement and other required information were provided to the Town by Purdy Powers.

Richard Emerson, managing partner of Purdy Powers, considers the auditor's worksheets, which outline the methods, testing, and analysis used to perform the audit and prepare the financial statement, as proprietary to Purdy Powers and "strictly ours." He has never been asked for such information, he has never provided such information, and he would not provide such information. Further, the worksheets would not be meaningful to someone without an understanding of the entire process. He stated that reading the worksheets would be like "pulling one word from a sentence."

---

[1] The court does not conclude that this statement suggests that Mr. Morton was withholding the requested documents simply because the plaintiff had filed a Freedom of Information Act request. As Mr. Morton stated at the April 20 meeting, a request pursuant to the Freedom of Information Act is a very formal procedure and the Town must respond in a formal manner. He also noted that the process takes a great deal of time. (Pl.'s Ex. 1D.)

The Town on occasion requests additional information from the auditor, such as a summary of record keeping or an explanation of the financial statement numbers. When Mr. Morton agreed to obtain the auditor's worksheets, he believed the worksheets contained that additional information. He learned, upon inquiry to Purdy Powers, that his understanding of the worksheets was incorrect and any additional information provided by the auditor did not involve the worksheets.

The Town does not own or have the worksheets and did not receive the worksheets from Purdy Powers. The worksheets have not been provided to the plaintiff by the Town.

Conclusions

Civil forfeitures for a violation of section 410 of the Freedom of Information Act must be sought by the Attorney General. See Lewiston Daily Sun v. School Administrative Dist. No. 43, 1999 ME 143, ¶ 11, 738 A.2d 1239; 1 M.R.S. § 410. Section 452 pertains to "any book, record, document or instrument belonging to or kept in any state office." 1 M.R.S. § 452. A violation of section 452 is a class D crime. Id.

The plaintiff's appeal, therefore, is brought pursuant to section 409. 1 M.R.S. 409(1). She has "the burden of presenting probative evidence before the Superior Court sufficient to support a finding that the [Freedom of Information} Act was violated." See Yusem v. Town of Raymond, 2001 ME 61, ¶ 16, 769 A.2d 865.

Section 409(1) provides:

1. Records. If any body or agency or official who has custody or control of any public record refuses permission to inspect or copy or abstract a public record, this denial must be made by the body or agency or official in writing, stating the reason for the denial, within 5 working days of the request for inspection by any person. Any person aggrieved by denial may appeal, within 5 working days of the receipt of the written notice of denial, to any Superior Court within the State. If a court, after a trial de novo, determines such denial was not for just and proper cause, it shall enter an order for disclosure. Appeals are privileged in respect to their

assignment for trial over all other actions except writs of habeas corpus and actions brought by the State against individuals.

Section 402(3) defines public records:

The term "public records" means any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or control of an agency or public official of this State or any of its political subdivisions or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business.

1 M.R.S. § 402(3). Purdy Powers provided to the Town the materials required by statute. (Jt. Exs. 1-3.); 30-A M.R.S. § 5823. The auditor's worksheets are proprietary to Purdy Powers. Purdy Powers did not provide to the Town the auditor's worksheets and was not required to do so. See Town of Burlington v. Hosp. Admin. Dist., 2001 ME 59, ¶ 23, 769 A.2d 857 (Alexander, J., concurring).

The auditor's worksheets are not public records. 1 M.R.S. § 402(3). Accordingly, the Town did not have custody or control of public records. 1 M.R.S. § 409(1). The plaintiff failed to satisfy her burden of presenting probative evidence to support a finding that the Town's refusal to provide the auditor's worksheets to the plaintiff violated the Freedom of Information Act. 1 M.R.S. § 409(1).

The clerk is directed to incorporate this Decision and Order into the docket by reference.

Date: August 27, 2012

Nancy Mills
Justice, Superior Court

JEANNINE OREN VS TOWN OF CASCO ET AL
UTN:AOCSsr  -2011-0092612                              CASE #:PORSC-CV-2011-00417
------------------------------------------------------------------------------------

JEANNINE OREN                                                              PL

          74 TRAIL ROAD CASCO ME 04015


TOWN OF CASCO                                                             DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


DAVID MORTON                                                              DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


BARBARA YORK                                                              DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


PAUL ESES                                                                DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


TRACY KIMBALL                                                            DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


MARY FERNANDES                                                           DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


RAY GRANT                                                                DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


HOLLY HANCOCK                                                            DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


SAM BROWN                                                                DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


ROGER NUTE                                                               DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112


LEW WETZEL                                                               DEF
          BURNS, NATALIE   Tel# (207) 775-7271
          10 FREE STREET PO BOX 4510 PORTLAND ME 04112